**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

IN RE:

    DEBRA J. SPENCER                        Case No. 10-06974
                                          Chapter 7
                Debtor.              Hon. Scott W. Dales

_____/

ROBERT A. MURTHA,

                Plaintiff,                        Adv. Proc. #:10-80566

      -vs-

DEBRA J. SPENCER,

                Defendant.

_____/

| | |
|---|---|
| Ethan D. Dunn (P69665) | Timothy F. Johnson (P46242) |
| MAXWELL DUNN, PLC | STARIHA LAW OFFICES, PC |
| Attorney for Plaintiff | Attorneys for Debtor/Defendant |
| 26339 Woodward Avenue | 200 North Division |
| Huntington Woods, MI 48070 | Grand Rapids, MI 49503 |
| (248) 548-1200 | (616) 233-9335 |

_____/

## <u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

Now comes Plaintiff, ROBERT MURTHA, through his attorneys, MAXWELL DUNN, PLC by

Ethan D. Dunn and for his Motion for Summary Judgment states as follows:

1. This motion is brought pursuant to Fed. R. Civ. Proc. 56 and Fed. Rules of Bankr. Proc.

    7056.

2. This adversary proceeding was filed on August 27, 2010.

3. Plaintiff alleged in the adversary complaint, *inter alia,* that the $15,000.00 debt owed to

    him by Defendant was not dischargeable pursuant to 11 U.S.C. § 523(a)(15).

4. The debt was not dischargeable because it constituted an obligation that arose out of a divorce judgment between the parties entered in the Oakland County circuit court on June 14, 2005. **(Exhibit A).**

5. Following the December 6, 2010 pretrial in this matter, this Court found that the Oakland County circuit court had concurrent jurisdiction to interpret the judgment of divorce and that the interests of comity, federalism, and economy justified permitting the state court to interpret its judgment of divorce. **(Exhibit B)**

6. The Oakland County circuit court heard the matter and entered a stipulated order that stated, in part, that the debt was incurred by Defendant in the course of their divorce proceedings and that it was a recourse debt. **(Exhibit C)**.

7. Following the hearing in the Oakland County Circuit court, this Court scheduled a second pre-trial hearing and also scheduled a hearing on a motion filed by Defendant to void the Oakland County circuit court's order.

8. Defendant's Motion to Void Order was denied at a hearing before this Court on June 22, 2011.

9. On June 24, 2011, this Court entered an order for Plaintiff to file and serve a dispositive motion premised on the preclusive effect, if any, of the state court's ruling.

10. The doctrine of collateral estoppel precludes Defendant from re-litigating the same issues decided by the Oakland County circuit court in this court – namely, the issues regarding the nature of the debt and whether it constitutes a recourse or non-recourse debt.

11. 11 U.S.C. § 523(a)(15) excepts from discharge a debt to a former spouse that was incurred by the debtor in the course of a divorce or in connection with a divorce decree.

12. Defendant is the debtor in this matter and the debt at issue arose in the course of Defendants divorce from Plaintiff; as such, 11 U.S.C. § 523(a)(15) excepts from discharge the $15,000.00 debt.

13. Plaintiff has been unable to resolve this matter with Defendant and there has been no concurrence by Defendant with this motion.

WHEREFORE, Plaintiff respectfully requests that this honorable Court provide the following relief:

A) Entry of an order of judgment excepting the $15,000.00 debt from discharge in the Defendant's bankruptcy.

B) Order Defendant to pay costs and attorney fees associated with bringing this motion.

C) Provide such other relief as this Court deems reasonable and proper.

Respectfully submitted,
MAXWELL DUNN, PLC

*/s/ Ethan D. Dunn_____*
Ethan D. Dunn (P69665)
26339 Woodward Avenue
Huntington Woods, MI 48070
(248) 246-1166
edunn@maxwelldunnlaw.com

Dated:  July 22, 2011

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

IN RE:

DEBRA J. SPENCER                                              Case No. 10-06974
                                                             Chapter 7
                              Debtor.                        Hon. Scott W. Dales
_____/

ROBERT A. MURTHA,

                              Plaintiff,                     Adv. Proc. #:10-80566

        -vs-

DEBRA J. SPENCER,

                              Defendant.
_____/

Ethan D. Dunn (P69665)                                 Timothy F. Johnson (P46242)
MAXWELL DUNN, PLC                                       STARIHA LAW OFFICES, PC
Attorney for Plaintiff                                 Attorneys for Debtor/Defendant
26339 Woodward Avenue                                  200 North Division
Huntington Woods, MI 48070                             Grand Rapids, MI 49503
(248) 548-1200                                         (616) 233-9335
_____/


**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY DISPOSITION**

**I.      FACTS**

Plaintiff filed an adversary proceeding against Defendant that sought to except a $15,000.00 debt

from discharge in Defendant's chapter 7 case.  The debt was incurred by Defendant as part of a divorce

decree between the parties.  Defendant filed an answer asserting several defenses.

On December 6, 2010, this Court held a telephonic pre-trial conference and, after hearing both sides,

expressed its views that the Oakland County circuit court had concurrent jurisdiction to interpret the

judgment of divorce.  Furthermore,  the notions of economy, comity and related principles underlying the

Full Faith and Credit Statute, 28 U.S.C. § 1738, suggest that the Circuit Court should interpret the

judgment of divorce before the bankruptcy court determines whether the debt is excepted from discharge.

This Court ordered Plaintiff to bring the matter before the Oakland County circuit court to have it resolve the issues involving the nature of the debt, whether it was recourse or non-recourse, domestic support, or property settlement.

Plaintiff and Defendant litigated the matter before the Oakland County circuit court.  The circuit court ruled that: (1) the $15,000.00 debt was incurred by Defendant in the course of the divorce proceeding; (2) the debt did not constitute spousal support; and, (3) the debt was a recourse debt.

Defendant subsequently filed a motion to void the order of the Oakland County circuit court and a hearing was held on June 22, 2011 at which the Court denied Defendants motion and upheld the state court order.

This motion is being filed per this Court's order of June 24, 2011 stating that Plaintiff shall file and serve a dispositive motion premised on the preclusive effect, if any, of the state court's ruling that the $15,000.00 debt was incurred by Defendant in the course of the divorce proceeding.


**II.     LAW**

A debt to a "former spouse….that is incurred by the debtor in the course of a divorce or separation….or in connection with a…divorce decree or other order of a court of record…" is excepted from discharge. 11 U.S.C. § 523(a)(15).  Plaintiff and defendant are former spouses and the Oakland County circuit court entered an order establishing that the debt owed by Defendant to Plaintiff was incurred in the course of a divorce proceeding and was a recourse debt.   As such, the order of the state court has preclusive effect with regard to the bankruptcy court's determination regarding whether the debt was discharged in Defendant's chapter 7 bankruptcy.

The doctrine of collateral estoppel applies in bankruptcy proceedings.  *In Re:Nicole M. Phillips and Thomas M. Phillips,* 2010 Fed. Add. 0007 (citing *Grogan v. Garner,* 498 U.S. 279, 285 n.11, 111 S. Ct. 654, 658 n.11 (1991)). Even though Congress intended the bankruptcy court

to determine the issue of whether a debt is dischargeable, Congress does not require the bankruptcy court to redetermine all the underlying facts. *Id.*(citing *Spilman v. Harley,* 656 F.2d 224, 227 (6th Cir. 1981). "Where a state court determines factual questions using the same standards as the bankruptcy court would use, collateral estoppel should be applied to promote judicial economy by encouraging the parties to present their strongest arguments." *Id.(*citing *Klingman v. Levinson,* 831 F.2d 1292, 1295 (7th Cir. 1987) (citing *Spilman v. Harley,* 656 F.2d at 228)).     The doctrine of collateral estoppels prevents an issue from being relitigated where the issue of fact or law was actually litigated and necessarily decided in a prior action between the same parties. *In re Markowitz,* 190 F.3d at 461 (citation omitted). The bankruptcy court must give a state court judgment the same preclusive effect that judgment would have in state court unless the Full Faith and Credit Statute, 28 U.S.C. § 1738, provides an exception. *Bay Area Factors v. Calvert (In re Calvert),* 105 F.3d 315, 317 (6th Cir. 1997). In this case, the state court judgment was rendered by a Michigan state court. Therefore, this Court must give the judgment the same preclusive effect that any Michigan state court would give that judgment.    Under Michigan law, collateral estoppels applies when:

> 1) there is identity of parties across the proceedings,
>
> 2) there was a valid, final judgment in the first proceeding,
>
> 3) the same issue was actually litigated and necessarily determined in the first proceeding, and
>
> 4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Hinchman v. Moore,* 312 F.3d 198, 202 (6th Cir. 2002) (citing *Darrah v. City of Oak Park,* 255 F.3d 301, 311 (6th Cir. 2001)) (citing *People v. Gates,* 452 N.W.2d 627, 630-31 (Mich. 1990)).

Plaintiff and Defendant in this matter are the same parties as those in the divorce action in the state court and are the identical parties in the state court motion filed by Plaintiff pursuant to this Court's order requesting that the state court interpret the judgment of divorce.

A valid, final judgment on the issues was entered by the Oakland County circuit court once it entered the stipulated order on April 27, 2011.  Of greatest importance here is that the Oakland County circuit court held:

 (1) that the debt owed by Defendant to Plaintiff "was incurred in the course of the

divorce proceeding" and

(2) that the "$15,000 debt was a recourse debt" **(Exhibit C).**

Both parties litigated the issue in the state court.    Under Michigan law, an issue is "actually litigated" if it is "put into issue by the pleadings, submitted to the trier of fact for determination, and is thereafter determined." *Latimer v. William Mueller & Son, Inc.,* 386 N.W.2d 618, 627 (Mich. App. 1986). The bankruptcy court specified the issues that were to be litigated in state court: (1) the nature of the debt, (2) whether the debt is recourse or non-recourse and (3) whether it constituted a domestic support or property settlement obligation.  Both Plaintiff and Defendant plead and argued the issues before the state court. Moreover, beyond the pleadings and arguments, the parties stipulated to the form and content of the state court order that was entered.

The bankruptcy court stayed the adversary proceeding and gave the parties an opportunity to litigate a narrow set of issues in the state court.  Defendant was given a full and fair opportunity to litigate the issues in the state court action and, after the parties litigated the issues, the state court ruled in favor of Plaintiff.

**III.    CONCLUSION**

The Oakland County circuit court, a court of concurrent jurisdiction, held that the debt owed by Defendant to Plaintiff was a debt of the type that is excepted from discharge under 11 U.S.C. § 523(a)(15).  The doctrine of collateral estoppels prevents Defendant from re-litigating the same issues decided by the Oakland County circuit court in the Bankruptcy Court.  As such, this Court must apply the state court ruling in accordance with the U.S. Bankrutpcy Code.  Such application requires that this court except the $15,000.00 debt from discharge in Defendant's chapter 7 bankruptcy.

<div style="margin-left:50%">

Respectfully submitted,
MAXWELL DUNN, PLC

*/s/ Ethan D. Dunn*
Ethan D. Dunn (P69665)
26339 Woodward Avenue
Huntington Woods, MI 48070
(248) 246-1166
edunn@maxwelldunnlaw.com

</div>

Dated:  July 22, 2011