UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

DEBRA J. SPENCER,

               Debtor.
_____/

Case No. DG 10-06974
Hon. Scott W. Dales
Chapter 7

 ROBERT A. MURTHA,

               Plaintiff,

v.

DEBRA J. SPENCER,

               Defendant.
_____/

Adversary Pro. No. 10-80566

OPINION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                United States Bankruptcy Judge

This controversy revolves around the divorce judgment ("JOD") that ended the marriage of Debtor-Defendant Debra J. Spencer and Plaintiff Robert A. Murtha, and the parties' different interpretations of that judgment in several respects. Mr. Murtha contends that the JOD created a debt in the amount of $15,000.00 that Ms. Spencer owes as part of the parties' property settlement, and that the Debt is excepted from discharge under 11 U.S.C. § 523(a)(15). Ms. Spencer initially argued that the Debt was non-recourse under the JOD, and as a result was not a debt at all, and certainly not a debt that could be excepted from discharge. The court regarded the Oakland County Circuit Court (the "State Court") as the appropriate forum to determine the nature of the Debt (whether

recourse or not), and as a matter of comity permitted the parties to return to that forum to seek clarification of the JOD from the rendering tribunal.

In an order dated April 27, 2011, the State Court determined that the Debt is a recourse debt, not in the nature of support, but incurred in the course of the parties' divorce proceeding. *See* Plaintiff's Motion for Summary Judgment ("Summary Judgment Motion, DN 20), at Exh. C.  Based on the State Court's recent order and the Full Faith and Credit Statute, 28 U.S.C. § 1738, Mr. Murtha contends that there is no genuine issue of material fact regarding the non-dischargeable nature of the Debt, and that he is entitled to judgment from this court as a matter of law. Ms. Spencer did not timely file a response to the Summary Judgment Motion.  Under these circumstances, the court regards this controversy as ripe for decision under Fed. R. Civ. P. 56.

Under Michigan law, collateral estoppel applies when: (1) there is identity of parties across the proceedings; (2) there was a valid, final judgment in the first proceeding; (2) the same issue was actually litigated and necessarily determined in the first proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.  *See Weissert v. Phillips (In re Phillips)*, 434 B.R. 475, 485 (6th Cir. BAP 2010).  Here, the parties are identical, the JOD was valid and binding final judgment, the State Court's recent ruling removed any ambiguity about the meaning of that determination. Ms. Spencer had a full and fair opportunity to litigate in the State Court, which decided the very issue now pending before this court.

The State Court's April 27, 2011 order establishes beyond dispute that the Debt falls within the category of debts excepted from discharge because it is "a debt incurred

between spouses to a spouse . . . and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a . . . divorce decree or other order of a court of record. . . ." 11 U.S.C. § 523(a)(15). The State Court had the authority to interpret its JOD, and did so with this court's permission and the cooperation of the parties.  Under well established principles of comity and collateral estoppel, the State Court's decision precludes further litigation on the issues in dispute. Accordingly, the court finds that the Debt is excepted from discharge under 11 U.S.C. § 523(a)(15).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Summary Judgment Motion (DN 20) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall prepare and enter a judgment consistent with this Opinion and Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order, and the judgment to be entered, pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Timothy F. Johnson, Esq. and Ethan D. Dunn, Esq.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: August 09, 2011**